IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECILIA L. BUSH,                    )<br>       Plaintiff,               )<br>                                  )<br>vs.                               )     Case No.<br>                                  )<br>RAMPTECH, INC.,                   )<br>HOLDEN AMERICA CORP.,             )     JURY TRIAL DEMANDED<br>HOLDEN AMERICA IL, LLC,           )<br>HOLDEN AMERICA LLC,               )<br>STEELHEAD CORP.,                  )<br>WABTEC US RAIL, INC.,             )<br>ZEFTEK, INC.,                     )<br>WABTEC CORPORATION, and           )<br>BNSF RAILWAY COMPANY,             )<br>                                  )<br>       Defendants.                ) | |

## COMPLAINT

### Jurisdiction and Venue

Jurisdiction of this action in this Honorable Court is pursuant to 28 U.S.C. sec. 1332(a)(2). Plaintiff and all Defendants are residents and citizens of different states. Plaintiff's claim exceeds $75,000.00 in value. The cause of action arose in and the injury in issue occurred within the territorial limits of this Court in Missouri.

### COUNT I

COMES NOW the plaintiff, Cecilia L. Bush ("Cecilia"), by and through her undersigned attorneys and in support of her cause of action against the defendants, Ramptech, Inc.("Ramptech"), Holden America Corporation ("Holden"), Holden America IL, LLC ("Holden IL"), Holden America, LLC ("HAL"), Steelhead Corporation ("Steelhead"), Wabtec US Rail, Inc. ("WUR"), Zeftek, Inc.("ZI"), and Wabtec Corporation ("WC") states as follows:

1. That Plaintiff is an employee of Auto Handling Corporation ("AHC"), a subsidiary of Jack Cooper Transport Company, Inc. ("JCT"), a Missouri Corporation and a registered motor carrier that regularly transacts business and transports materials throughout the USA including Missouri where Plaintiff's injuries in question were sustained. JCT's headquarters and principal place of business are in Jackson County, Missouri. Plaintiffs is a resident and citizens of Missouri.

2. That the defendant, Ramptech, is an Illinois corporation with its principal place of business in Illinois. Ramptech is believed to be the corporate successor by merger and/or consolidation or is acting in partnership or as a joint venture with Holden. Holden was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Illinois. Holden IL is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Illinois. HAL is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Illinois. Steelhead is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Illinois. One or more of these defendants supplied, designed, placed into the stream of commerce and/or participated in the chain of distribution for profit or other benefit of or is the successor to and mere continuation of the company(ies) that supplied, designed, placed into the stream of commerce and/or participated in the chain of distribution the chock at issue in this litigation.

3. That WUR is a corporation organized and existing under the law of the State of Delaware with its principal place of business in Pennsylvania. ZI was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Illinois. ZI has been succeeded by WC. WC is the corporate successor to and/or continuation of

ZI. WC is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania.  One of more of these defendants supplied, designed, placed into the stream of commerce and/or participated in the chain of distribution for profit or other benefit of or is the successor to and mere continuation of the company(ies) that supplied, designed, placed into the stream of commerce and/or participated in the chain of distribution the universal rack a/k/a grating at issue in this litigation.

4. That BNSF Railway Company ("BNSF") is a Delaware corporation with its principal place of business in Texas.  BNSF supplied the rail car with the chock and universal rack a/k/a grating that is at issue in this litigation.

5. That on or about August 7, 2018, Plaintiff was performing her normal work duties as a rail loader for her employer in Missouri.  At that time, Plaintiff was using a wheel chock and universal rack rig in a BNSF rail car.

6. That at all times relevant herein, the aforesaid rig wheel chock and universal rack were in substantially the same condition as when they left the control of the defendants.  Any modifications were foreseeable or expected by defendants.

7. That at the time of its manufacture and at all times mentioned herein, the aforementioned wheel chock and universal rack were defective and not reasonably safe in one or more of the following respects, to-wit:

    (a) they lacked reasonably safe compatible storage hooks and rack devices causing them to misalign on the racks and become stuck frequently;

    (b) the devices lacked adequate warnings to sufficiently warn Plaintiff and others similarly situated that the devices would subject users to an unreasonable risk of injury during reasonably foreseeable use and/or expected use;

    (c) the devices lacked adequate warnings to sufficiently warn Plaintiff and others  similarly situated of one or more of the defects herein;

    (d)    the wheel chock vehicle securement systems were unreasonably prone to or designed to become stuck or lodged which required excessive force to dislodge or remove from the storage racks a/k/a grates.

8. That as a direct and proximate result of the aforesaid, Plaintiff, while attempting to perform her normal work activities in an intended and/or foreseeable fashion by attempting to remove the wheel chock and using the normal procedures by which she was trained, sustained severe and permanent injuries to her back and related areas while exerting required and/or foreseeable force and pressure on the wheel chock and rack system. Plaintiff has suffered and will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for her injuries and will be required to expend additional sums in the future. Plaintiff has sustained wage and benefit losses and has been damaged in her capacity to earn wages and benefits in the future. Plaintiff's condition is such that she may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate the plaintiff for her injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against each defendant for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest as allowed by law, and for costs of this suit.

## COUNT II

COMES NOW the plaintiff, Cecilia L. Bush ("Cecilia"), by and through her undersigned attorneys and in support of her cause of action against the defendants, Ramptech, Inc.("Ramptech"), Holden America Corporation ("Holden"), Holden America IL, LLC ("Holden

IL"), Holden America, LLC ("HAL"), Steelhead Corporation ("Steelhead"), Wabtec US Rail, Inc. ("WUR"), Zeftek, Inc.("ZI"), and Wabtec Corporation ("WC") states as follows:

1-6.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-6 of Count I as paragraphs 1-6 of this count.

7.   That based on the above each of the defendants owed a duty to Plaintiff and others similarly situated to design, test, monitor, inspect and consider reports of injuries and malfunctions associated with the product system in question.

8.   That in violation of the aforesaid duties the defendants negligently:

(a)   failed to properly design the wheel chock and rack so that they were compatible and would not prematurely wear and become stuck, misaligned and require excessive force to operate;

(b)   they failed to properly consider reports of misalignments and reports of injuries associated with the use of the wheel chocks and racks including reports that the items frequently became stuck, jammed and/or misaligned;

(c)   failed to supply adequate warnings to sufficiently warn Plaintiff and others similarly situated that the devices would subject users to an unreasonable risk of injury during reasonably foreseeable use and/or expected use;

(d)   failed to supply adequate instructions to sufficiently instruct Plaintiff and others similarly situated of one or more of the defects listed in Count I;

(e)   failed to advise of the need for periodic replacement and/or maintenance to the wheel chock vehicle securement systems when Defendant(s) knew or should have known such were unreasonably prone to or designed to become stuck or lodged which required excessive force to dislodge or remove from the storage racks a/k/a grates.

9.   That as a direct and proximate result of the aforesaid, Plaintiff, while attempting to perform her normal work activities in an intended and/or foreseeable fashion by attempting to remove the wheel chock and using the normal procedures by which she was trained, sustained severe and permanent injuries to her back and related areas while exerting required and/or

foreseeable force and pressure on the wheel chock and rack system. Plaintiff has suffered and will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for her injuries and will be required to expend additional sums in the future.  Plaintiff has sustained wage and benefit losses and has been damaged in her capacity to earn wages and benefits in the future.  Plaintiff's condition is such that she may be forced to expend sums of money for vocational rehabilitation and/or convalescent care.  Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate the plaintiff for her injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against each defendant for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest as allowed by law, and for costs of this suit.

## COUNT III

COMES NOW the plaintiff, Cecilia L. Bush ("Cecilia"), by and through her undersigned attorneys and in support of her cause of action against the defendants, Ramptech, Inc.("Ramptech"), Holden America Corporation ("Holden"), Holden America IL, LLC ("Holden IL"), Holden America, LLC ("HAL"), Steelhead Corporation ("Steelhead"), Wabtec US Rail, Inc. ("WUR"), Zeftek, Inc.("ZI"), and Wabtec Corporation ("WC") states as follows:

1-6. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-6 of Count I as Paragraphs 1-6 of this Count.

7. That at all times relevant hereto, the defendant(s) impliedly warranted that the chock and universal rack in question were reasonably safe for their intended and/or foreseeable uses in conjunction with each other.

8. That in breach of the aforesaid implied warranty, defendant(s) placed into the stream of commerce a wheel chock and universal rack system which contained one or more of the following unreasonably dangerous conditions, to-wit:

(a) they lacked reasonably safe compatible storage hooks and rack devices causing them to misalign on the racks and become stuck frequently;

(b) the devices lacked adequate warnings to sufficiently warn Plaintiff and others similarly situated that the devices would subject users to an unreasonable risk of injury during reasonably foreseeable use and/or expected use;

(c) the devices lacked adequate warnings to sufficiently warn Plaintiff and others similarly situated of one or more of the defects herein;

(d) the wheel chock vehicle securement systems were unreasonably prone to or designed to become stuck or lodged which required excessive force to dislodge or remove from the storage racks a/k/a grates.

9. Plaintiff repeats, realleges and incorporates herein by reference paragraph 8 of Count I as paragraph 9 of this Count.

WHEREFORE, Plaintiff prays for a judgment against each defendant for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest as allowed by law, and for costs of this suit.

## COUNT IV

COMES NOW the plaintiff, Cecilia L. Bush ("Cecilia"), by and through her undersigned attorneys and in support of her cause of action against the defendants, Ramptech, Inc.("Ramptech"), Holden America Corporation ("Holden"), Holden America IL, LLC ("Holden IL"), Holden America, LLC ("HAL"), Steelhead Corporation ("Steelhead"), Wabtec US Rail, Inc. ("WUR"), Zeftek, Inc.("ZI"), and Wabtec Corporation ("WC") states as follows:

1-7. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-7 of Count I as paragraphs 1-7 of this Count.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count II as paragraphs 7-8 of this Count.

9-10. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count III as paragraphs 9-10 of this Count.

11. That one or more defendants was aware that Plaintiff and others similarly situated were exposed to unreasonable risks of severe bodily injury in the use of the wheel chock and rack securement systems owing to one or more of the unsafe conditions described in Counts I-III of this Complaint. In that regard, one or more defendants was aware of many prior instances of malfunctions, binding of the equipment and reports wherein others were injured during the use of said systems including incidents.

12. That notwithstanding the above and in conscious disregard of the known risks to which Plaintiff and others similarly situated were subjected, one or more defendants failed to modify the wheel chock and rack system design, continued to provide unreasonably dangerous and defective vehicle securement systems, failed to provide good and sufficient warnings or instructions with regards to the dangers inherent in the use of the securement systems with the aforesaid conditions contained therein. Such actions and inactions by the defendant(s) were motivated by the cost savings attempts for the benefit of defendant(s) and their affiliates and owners. As such defendant(s) placed profits above the safety of the users of the above described vehicle securement system, including the plaintiff, Cecilia Bush, and therefore punitive or aggravated damages are warranted against the defendant(s) in order to punish said defendant(s) and/or to deter such conduct in the future.

13. That as a direct and proximate result of the aforesaid, Plaintiff, while attempting to perform her normal work activities in an intended and/or foreseeable fashion by attempting to remove the wheel chock and using the normal procedures by which she was trained, sustained severe and permanent injuries to her back and related areas while exerting required and/or foreseeable force and pressure on the wheel chock and rack system. Plaintiff has suffered and will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for her injuries and will be required to expend additional sums in the future. Plaintiff has sustained wage and benefit losses and has been damaged in her capacity to earn wages and benefits in the future. Plaintiff's condition is such that she may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate the plaintiff for her injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against each defendant for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest as allowed by law, and for costs of this suit.

## COUNT V

COMES NOW the plaintiff, Cecilia L. Bush ("Cecilia"), by and through her undersigned attorneys and in support of her cause of action against the defendant, BNSF, states as follows:

1-7. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-7 of Count I as Plaintiff's 1-7 of this Count.

8. That BNSF owned, operated, supplied and required the use of the rail car, chock and universal rack in issue. Defendant knew or should have known of the problems, malfunction

history and reports of injuries associated with the use of that chock and rack system. Defendant was aware or should have been aware of safer feasible alternative designs.

9. Defendant BNSF Railway Company, directly and by and through its agents and employees, committed one or more of the following acts or omissions of negligence:

- (a) Failed to have reasonably safe equipment for Plaintiff to engage in her duties;
- (b) Failed to provide a reasonably safe place to work;
- (c) Implemented unreasonably time constraints on Plaintiff's work activities;
- (d) Failed to promulgate safety rules and procedures that would have prevented the injuries in issue;
- (e) Created incentives for Plaintiff and her supervisors to ignore, disregard, or underemphasize safety rules that would have prevented the injuries in issue;
- (f) Failed to train Plaintiff, her co-workers and her supervisors in safety procedures that would have prevented the injuries in issue;
- (g) Failed to create and/or enforce safety rules and procedures that would have prevented the injuries;
- (h) Other acts and omissions that will become known during discovery.

As a result, in whole or in part of one or more of the foregoing negligent acts or omissions on the part of the Defendant, BNSF Railway Company, Plaintiff experienced the injuries described below.

10. That as a direct and proximate result of the aforesaid, Plaintiff, while attempting to perform her normal work activities in an intended and/or foreseeable fashion by attempting to remove the wheel chock and using the normal procedures by which she was trained, sustained severe and permanent injuries to her back and related areas while exerting required and/or foreseeable force and pressure on the wheel chock and rack system. Plaintiff has suffered and

will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for her injuries and will be required to expend additional sums in the future.  Plaintiff has sustained wage and benefit losses and has been damaged in her capacity to earn wages and benefits in the future.  Plaintiff's condition is such that she may be forced to expend sums of money for vocational rehabilitation and/or convalescent care.  Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate the plaintiff for her injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against Defendant for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest as allowed by law, and for costs of this suit.

**PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE ON ALL COUNTS**

Respectfully Submitted,

**WENDLER LAW, P.C.**

By:   /s/  Brian M. Wendler
      Brian M. Wendler, #39151
      Angie M. Zinzilieta, #69783
      900 Hillsboro Ave., Suite 10
      Edwardsville, IL 62025
      Ph: (618) 692-0011
      Fax: (618) 692-0022
      wendlerlawpc@gmail.com
      *Attorneys for Plaintiff*